CARMEN DE LA TORRE MARRERO and HONORIO C. ARCHILLA, Appellants, *v.* REGISTRAR OF SAN JUAN, Respondent.

No. 608. Submitted February 7, 1925.—Decided Apri 28, 1925.

1. RECORD OF TITLE—CONJUGAL PARTNERSHIP—SEPARATE PROPERTY.—In a deed of purchase it was stated that the grantee had formed a partnership which was dissolved at the time of her marriage, but never liquidated. The liquidation was made to take place in the deed and the money resulting from the liquidation was paid as the purchase price, as certified to by the notary. The husband expressed his conformity and the former partner, also a party to the deed, certified necessarily to the facts. *Held:* That the separate character of the purchase price being thus shown, the title to the property purchased is recordable as the separate property of the wife.

Registry of Property of San Juan (Second District), Benedicto, Reg. Decision recording a deed of sale with a curable defect. *Reversed.*

*V. M. Fernández* for the appellants. The Registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In a series of the decisions this court has decided that to prove for record the separate character of a piece of property, apparently being acquired in the name of a married person, the declarations of the parties in the deed are not sufficient evidence. *Acosta* v. *Registrar of Caguas,* 27 P.R.R. 232, and cases cited. We have also decided that the declarations of a father in the deed itself without more are not sufficient to show the origin of the purchase money as belonging to one of the spouses. *Sánchez* v. *Registrar of San Juan,* 28 P.R.R. 669. This is as far as our decisions have gone.

[1] In the present case, however, from the deed of purchase in her favor it appears that before she was married Carmen de la Torre Marrero had formed a partnership with Delfina Marrero, which partnership was dissolved at the time of the marriage, but never liquidated. The liquidation was made to take place in the deed of acquisition and the money the result of liquidation was paid to vendor as the purchase price or reserved to pay a mortgage. So the notary certified. In addition the husband

expresses his conformity and Delfina Marrero, the former'
partner and also a party to the deed, certifies necessarily
to the facts.   Under the recited circumstances the pur-
chase price is shown to be the separate property of Car-
men de la Torre Marrero.   The note must be reversed and
the record made.